Nicholson, C. J.,
delivered the opinion of the court:
Complainant tiled her bill in 1868 to settle the estate of James T. Persons, under the insolvent laws in the chancery court at Memphis.
John 0. Campbell filed his petition in the cause, claiming to be a creditor, and exhibited as evidence of his being such creditor, a note for $95, dated March 20, 1860, and payable December 24, 1860, to John C. Campbell. This note was sold and indorsed to Id. M. Pond, who sued Campbell on' his indorsement in 1869, and obtained judgment, which judgment Campbell satisfied on the 20th of December, 1870. James T. Persons died in 1864, and his administrator qualified in 1865.
The allowance of the claim against the estate of Persons was resisted on the ground that it was not brought forward until more than two years and six months after the qualification of the administratrix on the estate. That fact was admitted, but Campbell insisted that he only became a creditor of the estate, capable of suing, when he paid the judgment against him as indorser on the 20th of December, 1870, and that the statute of limitations commenced running from that date, and not from the date of the judgment against him, which was in 1869 — more than two years and a half before filing of his petition.
The chancellor held that complainant had two years within which to sue after payment of the judgment, and as his petition was filed within that time, his claim was not barred and should be allowed.
By section 2784 of the Code [Shannon’s Code, sec. 4481], claims are barred within two or three years, as the case may be, after the qualification of the personal representative, “if the cause of action accrued in the lifetime of *417 the deceased, or otherwise from the time the cansé of action accrued.”
When Persons, the maker of the note, died in 1864, and when his administratrix was qualified, 1866, Bond was the holder thereof, and the creditor of Persons. liis cause of action accrued in the lifetime of Persons, and hence as to him the statute of limitations commenced running from the date of the qualification of the administratrix. Campbell ceased to be a creditor of Persons when he sold and assigned the note, in January, 1861, to Bond. ' Of course, no cause of action existed as to Campbell when Persons died and when his administratrix was qualified.
When Bond sued Campbell as indorser of the note and obtained judgment, the debt was barred as against Persons’ estate, his administratrix having qualified more than two years and six months before suit, and his right of action having accrued in Persons’ lifetime.
But at the death of Persons, Campbell was not his creditor and therefore he then had no right of action against him. IPe had lost his character of creditor of Persons by selling and indorsing the note, whereby he guaranteed the genuineness of the note, and became bound to Bond to pay it in the event of Persons’ failing to do so. When Bond obtained judgment against him as indorser* of Persons,’ his liability was ascertained and his right to be ultimately indemnified by the estate of Persons was established. But the question is, did the rendition of the judgment against Campbell, in favor of Bond, constitute Campbell a creditor of Persons’ estate, within the meaning of the act of 1789 [ch. 23, sec 4]. Code, sec. 2279 [Shanuonls Code, sec. 4012].
It was decided in the case of Marshall v. Hudson, 9 Yerg., 62, that “the cause of action, although growing out of the relation of principal and surety created'by the original contract, commences in point of time with, and is founded upon, the payment of the debt by the- surety, or, *418 at the earliest, by a statute of our own, upon the rendition of a judgment against him.” The statute here referred to is the act of 1809 [ch. 69, sec. 1; Shannon’s Code, sec. 5885, sub-sec. 1], which authorizes sureties to have judgments over against their principals or co-sureties, withoul first paying the judgments against them. But for this statute rhe rendition of a judgment against a surety would not constitute him a creditor under the act of 1789 [ch. 23, sec. 4; Shannon’s Code, secs. 4012, 4481]. Much less would a judgment against an indorser for value constitute such indorser a creditor under the meaning of that act.
But in the case of Maxey v. Carter, 10 Yer., 522, the court qualify the intimation thrown out in Marshall v. Hudson, to the effect that the judgment itself against a surety creates the relation of creditor and debtor, between the surety and the personal representative of the principal, and says: "After the rendition of the judgment, as well as before, the relation is probably that of co-suretyship only; and after the rendition of the judgment and before payment, the co-surety could not, it is believed, by force of the act of 1809 [ch. 09, secs. 2, 3; Shannon’s Code, sec. 5390], maintain his action at common law.” The Couit says: "The correctness of the intimation in Marshall v. Hudson may well be doubted.” It would seem to follow that a judgment, even against a surety, notwithstanding our act of 1809, does not constitute the relation of creditor and debtor between the surety and the personal representative of the principal, under the act of 1789, but that this relation is only created by payment by the surety. As the relation .of indorser for value'to the maker of a note is not that of surety and principal, it cannot be said, even under the case of Marshall v. Hudson, that a judgment against the indorser constitutes him a creditor of the estate of the maker of the note. It is only when such indorser has paid the debt that he becomes a creditor of the estate, under the meaning of the act of 1789 [ch. 23, sec. 4; Shannon’s *419 Code, secs. 4012, 4481], and not until then does a canse of action accrue to him against the representative of the estate.
It follows that there was no error in the decree of the chancellor, and the same is affirmed, with costs.